52 So.2d 246

**INMAN et al. v. HARRIS.**

No. 39720.

Feb. 12, 1951.

Rehearing Denied March 19, 1951.

Jesse H. Inman, Baton Rouge, for plaintiffs-appellants.

Ashton L. Stewart, John T. Laycock, Baton Rouge, for defendant-appellee.

MOISE, Justice.

The plaintiffs filed this suit against the defendant as the universal legatee of the late Inez Inman, wife of Clifford C. McLeod, for a debt allegedly due by the deceased (the defendant having accepted the latter's succession purely, simply and unconditionally.) Plaintiffs and defendants are Louisiana residents.

The alleged debt arose in this manner: B. R. Inman, who died in 1899, left a will executed in Mississippi, which apparently was his domicile, constituting his wife, L. A. Inman, and his daughter, Inez Inman (whose universal legatee the defendant is) as "joint tenants with the right of survivorship" of certain lands situated in Wilkinson County, Mississippi, referred to as Fairview and Smithland Plantations. The will provided that following their death "without heirs, descendants of mine (B. R. Inman), living at the death of the last of said grantees then the remainder of said Estate after such death of the survivor of

said grantee shall go to my lawful heirs in fee simple." Inez Inman McLeod died August 3, 1948, without issue. Plaintiffs, who claim to represent seven-ninths of the legal heirs of B. R. Inman, allege that during her tenancy of the property, Inez Inman McLeod committed "waste" against the remainder estate by performing the following acts: sales of timber, granting of oil and gas leases, granting of a public road right of way, and removal of two rolling doors from the hall of the Fairview Plantation residence. The aggregate of the amounts involved is $125,000.

Defendant filed exceptions of vagueness, failure to join necessary parties, ratione materiae, and no cause or right of action, and the district court rendered judgment in her favor on the exception to the jurisdiction ratione materiae, the basis whereof was that an action was then pending in the chancery court of the State of Mississippi for the County of Wilkinson to determine the title to said plantations as between said plaintiffs and defendant. Plaintiffs have appealed this ruling, urging that this being an action for "waste", which is a species of tort, the proper forum therefor is that which has jurisdiction of the person. Since the judgment appealed from has been rendered, the litigation in the Chancery Court of Wilkinson County, Mississippi, has been decided adversely to defendant, and is now pending on appeal before the Supreme Court of Mississippi.

The authorities quoted by plaintiffs do not apply in the instant case, because here the question of ownership of the plantations is pending in a suit in the State of Mississippi, and the alleged "waste" involved is related to the rights conferred by the substantive law of Mississippi, a common law State, on life tenants. Clearly, a Louisiana court does not have jurisdiction of a claim for damages arising out of "waste" committed on lands situated outside of the State. C.J., Vol. 67, pg. 633, par. 34.

For the reasons assigned, the judgment appealed from is affirmed; plaintiffs to pay all costs.

PER CURIAM.

The basic controversy between the parties in this suit is the ownership of land in Mississippi which is now pending before the Supreme Court of that State. The action herein, although styled an action in damages for "waste", is purely ancillary to the main issue of ownership which can only be determined by the Mississippi courts. Therefore, it was correctly concluded in the original opinion that the trial court was without jurisdiction of the action—it being inseparable from the question of title to the land. The observation contained in the opinion, that the courts of Louisiana are without jurisdiction of actions ex delicto arising out of waste committed on lands outside of the State, was intended to be limited to the facts herein and is not to be viewed as a holding that suits for damages, resulting

from trespass or other acts committed on lands located elsewhere, are not cognizable in Louisiana if our courts have jurisdiction over the person of the defendant. A re-hearing is refused.